Hax.1., Judge.
When I observed, that the first act on processioning which is to be found in the Revisad, (c. 14,) declared, that any person wiiose lands were twice processioned according to that act, shall be deemed and adjudged the sole owner of such land, and that it was supposed that clause gave a title to lands which might be twice processioned under the act of 1792, (Rev. c. 365,) 1 could not but consider it as a proceeding fraught with danger to the rights of land proprietors, and felt myself altogether justified in throwing every legal impediment in the way of a title, thus to be consummated. I was prepared to say, that the processioner’s return in this case was not made out according to the 6th section of the act of 1792, (Rev. c. 365,) which declares, that “ the proccssioner shall make out a certificate in words at full length, for each tract by him processioned an objection, which I should be at a loss how to get clear of in cases of minor importance. The act is imperative t, and tlie proccssioner’s certificate is not made out in words at full length. Arid for that reason the report must be set, aside, with leave to the plaintiff to proceed further in the cause, as the law directs.
It is to be observed, that the act of 1823, (c. 14,) directs that lands shall be processioned, and the marks renewed once in every three years. And that he, whose lands are twice processioned, shall be adjudged the sole owner of such lands. The act of 1792 leaves every person at liberty to have their lands processioned or not. Jf they elect to have them processioned, no particular *270 time is stated in which it is to he done. They may have them processioned to-day, and again to-morrow. And the doubt may be very honestly entertained, whether that is such a twice processioning, as will give a good title. The present case does not require an opinion to be given on this point.
Ruepin, Judge, concurred.